UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Paul L. Kennedy Enterprises, Inc., ) | Civil Action No.: 6:21-cv-01223-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Manganaro Southeast, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the parties' cross motions for partial summary judgment, ECF Nos. 38 & 39. Also pending is Plaintiff Paul L. Kennedy Enterprises, Inc.'s ("Kennedy") *Daubert* motion to exclude the expert testimony of Richard T. Livingston, ECF No. 37, Kennedy's motion *in limine*, ECF No. 49, and Defendant Manganaro Southeast, LLC's ("Manganaro") motion *in limine*. ECF No. 48.

The parties have also filed pretrial disclosures, ECF Nos. 50 & 51, and objections to various portions of each parties' pretrial disclosures. ECF Nos. 58, 60, & 61. The Court will address the *Daubert* motion, motions *in limine*, and objections to pretrial disclosures in a subsequent order.

For the reasons stated below, the Court denies Kennedy's motion for partial summary judgment and grants in part and denies in part Manganaro's motion for summary judgment.[1]

## Background

This dispute arises between a "first tier subcontractor" and a "second tier subcontractor" who were both involved in the construction of the Carroll A. Campbell, Jr. United States Courthouse in

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

Greenville, South Carolina (the "Project").

In its Amended Complaint, Kennedy alleges it was hired by Manganaro pursuant to a written contract to perform drywall and framing work on the "Project." In essence, Kennedy alleges that Manganaro breached its contract by failing to pay Kennedy's invoices. Kennedy alleges that it has been damaged in the approximate amount of $246,733.81. Kennedy has also alleged causes of actions for breach of covenant of good faith and fair dealing, quantum meruit/unjust enrichment, and breach of contract accompanied by a fraudulent act. Kennedy seeks actual and consequential damages, prejudgment interest, punitive damages, attorneys fees, and costs.

Manganaro generally denies Kennedy's allegations and asserts various affirmative defenses. Manganaro also asserts a counterclaim for breach of contract alleging that Kennedy owes Manganaro $47,045.60 due to costs incurred by Kennedy's alleged deficient work and failure to provide adequate supervision on the "Project." Manganaro seeks damages of at least $47,045.60, pre- and post-judgment interest, together with attorneys fees and costs.

## **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from

the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## Choice of Law

"A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013). "Generally, under South Carolina choice of law principles, if the parties to a contract specify the law under which the contract shall be governed, the court will honor this choice of law." *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 728 (D.S.C. 2007) (citation omitted). However, the contract at issue here contains no choice of law provision. In the absence of a choice of law provision, South Carolina's choice of law rule for contract actions applies the substantive law of the *lex loci contratus* for issues regarding formation, interpretation, or validity, and the substantive law of the place of performance for issues regarding performance. *Witt v. American Trucking Associations, Inc.*, 860 F.

Supp. 295, 300 (D.S.C. 1994) *(citing Livingston v. Atlantic Coast Line R.R. Co.*, 176 S.C. 385, 180 S.E. 343, 345 (1935)). None of the parties squarely address the choice of law issue but hint at its various application - which in essence is that the result of applying North Carolina versus South Carolina law is the same - except with respect to the breach of contract accompanied by a fraudulent act claim, which is not recognized in North Carolina. However, the place of performance of the contract was South Carolina and the primary allegations of this dispute are failure to perform under the contract. Accordingly, South Carolina law applies to this action. *Witt.*, 860 F. Supp. at 300.

## Analysis

**I.     Kennedy's motion for partial summary judgment**

Kennedy's motion for partial summary judgment requests an order that Manganaro is obligated to pay Kennedy "travel pay" on all production because there is no written amendment, addendum, or change to the Subcontract, as is required by Manganaro's own Subcontract form. Manganaro, however, argues that the parties agreed to verbally alter the terms of how travel pay would be compensated. Kennedy acknowledges that the parties dispute whether any verbal agreement was made relating to travel pay, but Kennedy's position is that any such dispute does not matter because any change relating to travel pay had to be in writing.

"Written contracts may be orally modified by the parties, even if the writing itself prohibits oral modification." *Carolina Amusement Co. v. Connecticut Nat. Life Ins. Co.*, 437 S.E.2d 122, 126 (S.C. Ct. App. 1993). Kennedy acknowledges that written contracts may be orally modified by the parties, but argues that any such verbal modification regarding travel pay was not supported by consideration.

Whether the contractual provisions between Kennedy and Manganaro regarding travel pay

were altered or verbally modified, and whether the alleged verbal modification was supported by consideration,[2] are questions of fact that should be resolved by a jury and are not appropriate for summary judgment. Critically, Kennedy concedes that there are factual issues in dispute regarding travel pay. *See* Kennedy's Motion for Partial Summary Judgment, ECF No. 38 at 2; Kennedy's Reply Brief, ECF No.45 at 2-4. Accordingly, Plaintiff Kennedy's motion for partial summary judgment regarding the payment of travel pay is denied.

## II.     Manganaro's motion for partial summary judgment

Manganaro moves for partial summary judgment as to Kennedy's second, third, and fourth causes of action: breach of the implied covenant of good faith and fair dealing; quantum meruit/unjust enrichment; and breach of contract accompanied by a fraudulent act.

Kennedy does not oppose dismissal of its cause of action for breach of the implied covenant of good faith and fair dealing. *See* Kennedy's Memorandum in Opposition to Manganaro's motion for partial summary judgment, ECF No. 43 at 10. Accordingly, summary judgment is granted as to this claim.

### A.     Quantum Meruit/Unjust Enrichment

Manganaro argues that it is entitled to summary judgment on Kennedy's claim for quantum meruit/unjust enrichment. Manganaro contends that Kennedy cannot maintain a claim for quantum meruit or unjust enrichment where the parties agree that an express contract exists for the same work. *See Swanson v. Stratos*, 564 S.E.2d 117, 120 (S.C. Ct. App. 2002) (stating "[i]f the tasks the

---

[2] "Valuable consideration may consist either of some right, interest, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other." *S.C. Nat. Bank v. Silks*, 367 S.E.2d 421, 423 (S.C. Ct. App. 1988).

5

plaintiff is seeking compensation for under a quantum meruit theory are encompassed within the terms of an express contract which has not been abandoned or rescinded, the plaintiff may not recover under quantum meruit").  In response, Kennedy argues that its claim for quantum meruit constitutes a claim for "extras" as it involves work performed outside the scope of the Subcontract and at the direction of Manganaro's project foreman.

"To prevail on a quantum meruit claim, a plaintiff must establish (1) he conferred a benefit upon the defendant; (2) the defendant realized that benefit; and (3) retention of the benefit by the defendant under the circumstances make it inequitable for the defendant to retain it without paying its value." *Gillins v. Celadon Trucking Servs., Inc.*, 2016 WL 4455018, at *5 (D.S.C. Aug. 24, 2016) (quoting *Williams Carpet Contractors, Inc. v. Skelly*, 734 S.E.2d 177, 180 (S.C. Ct. App. 2012)).

Kennedy's response in opposition to Manganaro's motion for partial summary judgment is somewhat inadequate in that Kennedy devotes a mere two paragraphs to its quantum meruit response and does not specify exactly what "extras" it is claiming under its quantum meruit claim. Kennedy's argument is also undermined by its Amended Complaint as the Amended Complaint seeks to recover the same dollar amount ($246,733.81) under both its breach of contract claim and its quantum meruit claim. *See* Amended Complaint, ECF No. 13 at ¶¶ 21, 37.  Although Kennedy has attached a large number of documents to its response to Manganaro's motion for partial summary judgment, Kennedy has failed to direct the Court to any specific citation of evidence in the record.

"Litigants may not thrust upon the Court the burden of combing through the record to make a case on their behalf." *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994) ("Rule 56 does not

impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment"); *Reynolds v. N. Neck Reg'l Jail Auth.*, Civil Action No. 3:07CV700, 2009 WL 1323224 at *1, 2009 U.S. Dist. LEXIS 39889 at *1 (E.D. Va. May 11, 2009). Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that: "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Local Civil Rule 7.06 governing responses to motions requires that "[a]ny response supported by discovery material shall specify with particularity the portion of the discovery material relied upon in support of counsel's position, summarize the material in support of counsel's position, and attach relevant portions of the discovery material or deposition." Local Civ. Rule 7.06 (D.S.C.).

       The Court is left to speculate as to what "extras" comprise Kennedy's quantum meruit claim. Kennedy attached an invoice for the Design and Construction of Window Louvre Framing in the amount of $47,975.00. Invoice, ECF No. 43-9.  Paul Kennedy testified in his deposition that the $47,975.00 invoice for window louvre framing was submitted because it was not part of the contract. Paul Kennedy Deposition, ECF No. 43-3 at 23.  The Court assumes the window louvre framing invoice represents the "extras" to which Kennedy is referring in its brief.  The Court would be inclined to deny Manganaro's motion for partial summary judgment as to the quantum meruit/unjust enrichment claim to the extent Kennedy seeks payment for the Design and

Construction of Window Louvre Framing in the amount of $47,975.00. Manganaro's motion should be granted as to any other amounts sought under the quantum meruit/unjust enrichment claim as the basis for such claims are not adequately cited by Kennedy in the record before the Court.

### B.    Breach of Contract Accompanied by a Fraudulent Act

Manganaro argues that it is entitled to summary judgment on Kennedy's breach of contract accompanied by a fraudulent act on three grounds: "(1) the purported misrepresentations made by Manganaro prior to Kennedy signing the Subcontract do not, as a matter of law, breach the contract; (2) Kennedy did not allege and cannot prove fraudulent intent; and (3) Kennedy has no evidence of an independent fraudulent act on which it relied or had a right to rely." Manganaro's brief in support of its motion for partial summary judgment, ECF No. 39-1 at 16. In response, Kennedy argues that there is no reliance element in a claim for breach of contract accompanied by a fraudulent act. *See, e.g. Edens v. Goodyear Tire & Rubber Co.*, 858 F.2d 198, 207 (4th Cir. 1988) (stating reliance is not required where the unfair or dishonest act accompanying the breach of contract involved intentional concealment, but noting when the fraudulent act accompanying a breach of contract is a misrepresentation, the plaintiff must prove reliance. *Kelly v. Nationwide Mut. Ins. Co.*, 298 S.E.2d 454, 455 (S.C. 1982)).

In order to maintain a claim for breach of contract accompanied by a fraudulent act, a plaintiff must prove three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract, not merely to its making; and (3) a fraudulent act accompanying the breach. *Hotel & Motel Holdings, LLC v. BJC Enterprises, LLC*, 780 S.E.2d 263, 273–74 (S.C. Ct. App. 2015). Fraudulent intent is normally proved by circumstances surrounding the breach. *See Sutton v. Continental Casualty Co.*, 167 S.E. 647 (S.C. 1933). The fraudulent act may be prior to,

contemporaneous with, or subsequent to the breach of contract, but it must be connected with the breach itself and cannot be too remote in either time or character. *See Smith v. Canal Ins. Co.*, 269 S.E.2d 348 (S.C. 1980); *Wright v. Public Savings Life Ins. Co.*, 204 S.E.2d 57 (S.C. 1974); *Davis v. Bankers Life & Casualty Co.*, 88 S.E.2d 658 (S.C. 1955); *Porter v. Mullins*, 17 S.E.2d 684 (S.C. 1941); *Bradley v. Metropolitan Life Ins. Co.*, 160 S.E. 721 (S.C. 1931). "However, mere breach of a contract, even if willful or with fraudulent purpose, is not sufficient to entitle a plaintiff to go to the jury on the issue of punitive damages." *Floyd v. Country Squire Mobile Homes, Inc.*, 336 S.E.2d 502, 503 (S.C. Ct. App. 1985).

Kennedy argues that regarding travel pay, Manganaro committed a fraudulent act, with fraudulent intent, in connection with the breach of contract, when it took travel pay out of its payments to Kennedy without telling Kennedy first and then, essentially, attempted to obscure the absence of travel pay from the paid invoices through a series of alleged misrepresentations regarding changes to the pricing schedule. Although weak, and an issue that may be revisited at the close of Kennedy's evidence at trial, at the summary judgment stage, Kennedy cites sufficient evidence from the record to create a genuine issue of material fact as to whether Manganaro breached its contract to pay travel pay with said breach being accompanied by a fraudulent act.

Fraudulent intent could be inferred from Manganaro's alleged changes to the pricing schedule in an alleged attempt to obscure the absence of travel pay all while assuring Kennedy that travel pay was still being paid in full. The alleged concealment regarding the continued payment of travel pay would constitute a separate and distinct, but closely connected, dishonest act sufficient to create a jury question on punitive damages. *See Edens*, 858 F.2d at 203. In sum, Kennedy has set forth sufficient evidence to survive summary judgment with respect to its claim for breach of

contract accompanied by a fraudulent act as it relates to travel pay.

Kennedy's claim for breach of contract accompanied by a fraudulent act is more complicated when it comes to the design and construction of the window louvre framing. Paul Kennedy testified in his deposition that the design and construction of window louvre framing invoice was submitted because it was not in the contract. Kennedy Dep. ECF No. 43-3 at 23. If there was no contract with respect to the design and construction of the window louvre framing, then the Court questions how there could be a breach of such a contract - an essential element of this claim. Furthermore, the design and construction of the window louvre framing appear to constitute the "extras" that comprised the quantum meruit/unjust enrichment claim.

Additionally, Kennedy's amended complaint setting forth its claim for breach of contract accompanied by a fraudulent act fails to mention window louvre framing. At this late date, far past the deadline for amending pleadings (September 24, 2021), the Court will not permit Kennedy to assert a breach of contract accompanied by a fraudulent act based on alleged window louvre framing, particularly when Kennedy's own testimony indicates that the window louvre framing was not part of the contract. The window louvre framing claim is also covered by Kennedy's claim for quantum meruit. Despite it being alleged in the amended complaint, there is no mention in the briefing of alleged fraudulent backcharges with respect to the breach of contract accompanied by a fraudulent act claim.

Manganaro's motion for summary judgment as to Kennedy's claim for breach of contract accompanied by a fraudulent act related to travel pay is denied, but the Court is inclined to grant summary judgment in Manganaro's favor as to Kennedy's claim for breach of contract accompanied by a fraudulent act related to window louvre framing or "extras," for which Kennedy seeks a

quantum meruit claim.

## Conclusion

For the reasons stated below, the Court denies Kennedy's motion for partial summary judgment and grants in part and denies in part Manganaro's motion for summary judgment.

IT IS SO ORDERED.

January 31, 2023  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge